[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Hamden, Connecticut on February 16, 1966. The court has jurisdiction in that both parties have resided continuously in Connecticut for at least one year prior to the commencement of this action.
During their 24-year marriage, the parties had two children, both of whom have reached the age of majority.
The marriage has broken down irretrievably, and the court finds that there is no prospect of reconciliation.
A decree of dissolution of the marriage shall enter.
In acting on the parties' requests for a property division and alimony, the court must be guided by the following considerations, as set forth in Sections 46b-81 and -82 C.G.S.:
 ". . . the length of the marriage, the causes for the . . . dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties." CT Page 2153
Having weighed the evidence inlight of all the statutory considerations, the court further orders as follows:
1. The parties shall apply the federal tax refund check now being held by counsel to the payment of the real estate taxes now due and owing to the Town of Hamden, and the defendant shall pay the balance of such taxes.
2. The marital home at 150 Colony Street, Hamden, shall be sold and the proceeds after payment of all costs and expenses of sale shall be divided equally between the parties except that at the time the house is sold, the plaintiff's share shall be increased and the defendant's share shall be decreased in the amount of $7647.67 in lieu of a division of the defendant's pension benefits. Moreover, the plaintiff's share of the proceeds shall be increased and the defendant's share shall be decreased in the further amount of $7500.00 to reflect the fact that the defendant appropriated to his exclusive use a joint bank account and will retain the personal property he purchased with the funds from that account.
3. The defendant shall vacate the marital home within ten days of this order and the plaintiff shall have exclusive use and occupancy until the property is sold. From the date the defendant vacates the property to the date of the sale of the property, the plaintiff shall pay all property taxes other than those as to which provision is made in paragraph 1 above and all utility bills, maintenance costs and other such expenses related to occupancy of the house.
4. The plaintiff shall retain the 1987 Chrysler LeBaron and her jewelry and the defendant shall retain the 1983 GMC truck and the landscaping equipment. The parties shall retain the Individual Retirement Accounts standing in their respective names. All other personal property shall be divided equally between the parties.
5. The plaintiff is awarded one half of any lump sum recovery which may be received by the defendant as the proceeds of his pending worker's compensation claim against Yale University, after payment of all counsel fees, costs or expenses incurred by the defendant in obtaining a recovery. Division of such assets has been held to be appropriate in Raccio v. Raccio, 41 Conn. Sup. 115 (1989).
6. The plaintiff is awarded alimony in the amount of $1.00 per year, which shall be subject to a contingent wage execution.
7. Each party shall be responsible for this or her own counsel fees and costs incurred in this action, and each party shall pay half the cost of the real estate appraisal received in evidence in this proceeding. CT Page 2154
BEVERLY J. HODGSON, Judge of the Superior Court